UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AIR CRASH NEAR ELLABELL, GEORGIA,
ON AUGUST 28, 2017                                                                                      MDL No. 2917

ORDER DENYING TRANSFER

**Before the Panel**: Plaintiffs in two actions (*Cocke* plaintiffs) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of Georgia. The litigation consists of four actions: two actions in the Southern District of Georgia and two actions in the District of Nebraska, as listed on the attached Schedule A.[1]

The parties' positions on centralization vary. Plaintiffs in the two other actions (*Hunter* plaintiffs) support centralization in the Southern District of Georgia, as do defendants Aviation Development Group, LLC, and Thomas Huff. Defendants Continental Motors, Inc., Whisler Aviation, Inc., and Central Cylinder Service, Inc., oppose centralization.

On the basis of the papers filed and the hearing held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. The actions share factual issues arising out of the August 28, 2017, crash of a Beechcraft Bonanza A36 model aircraft shortly after take-off from Savannah/Hilton Head International Airport. But there are only four actions, brought by two plaintiff groups, in two districts,[2] with no indication of more to come. The Panel has denied centralization of air crash litigations in similar circumstances.[3] The small number of involved actions, minimal number of

---

[1]   As filed, the Section 1407 motion encompassed two additional actions in the District of Delaware, but both have since been dismissed.

[2]   As the *Cocke* plaintiffs acknowledge, this Section 1407 motion was prompted, at least in part, by their inability to obtain personal jurisdiction over all defendants in a single forum. The Panel has held on several occasions that difficulty in establishing personal jurisdiction over a given defendant or defendants generally is not a pertinent factor in the Section 1407 analysis. *See, e.g., In re Highway Accident Near Rockville, Conn., on Dec. 30, 1972*, 388 F. Supp. 574, 576 (J.P.M.L. 1975).

[3]   *See In re Helicopter Crash Near Savannah, Ga., on Jan. 15, 2014*, 178 F. Supp. 3d 1372 (J.P.M.L. 2016) (denying centralization of four actions pending in four districts); *In re Helicopter Crash Near Zachary, Louisiana, on Dec. 9, 2004*, 484 F. Supp. 2d 1354 (J.P.M.L. 2007)
(continued...)

-2-

districts, and relatively few parties suggest that informal coordination and cooperative efforts by the involved courts and parties are practicable and preferable to formal centralization under Section 1407.[4]

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Lewis A. Kaplan           Ellen Segal Huvelle
R. David Proctor          Catherine D. Perry
Karen K. Caldwell         Nathaniel M. Gorton

---

[3](...continued)
(denying centralization of three actions pending in two districts, noting the "minimal number of actions pending in only two districts").

[4]   See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig., 446 F. Supp. 242, 244 (J.P.M.L. 1978) (listing various methods for minimizing duplicative pretrial proceedings).

**IN RE: AIR CRASH NEAR ELLABELL, GEORGIA,**
**ON AUGUST 28, 2017**                                    MDL No. 2917

## SCHEDULE A

<u>Southern District of Georgia</u>

COCKE, ET AL. v. CONTINENTAL MOTORS, INC., ET AL., C.A. No. 4:19-00169
HUNTER, ET AL. v. CONTINENTAL MOTORS, INC., ET AL., C.A. No. 4:19-00174

<u>District of Nebraska</u>

COCKE, ET AL. v. WHISLER AVIATION, INC., ET AL., C.A. No. 8:19-00335
HUNTER, ET AL. v. WHISLER AVIATION, INC., ET AL., C.A. No. 8:19-00339