IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN HARTWELL COCKE, as Executor of the Estate of William Byron Cocke, Deceased; as Executor of the Estate of Catherine Crichton Cocke, Deceased; WILLIAM MARSTON BECKER, as Conservator of W.R.C., E.C.C., J.S.C, C.E.C., P.S.G.C.,a Minor; VIRGINIA FRANCIS COCKE, as Guardian of W.R.C., E.C.C., J.S.C., C.E.C., P.S.G.C., a Minor; and JOHN HARTWELL COCKE, as Guardian of W.R.C., E.C.C., J.S.C., C.E.C., P.S.G.C., a Minor;<br><br>Plaintiffs,<br><br>vs.<br><br>WHISLER AVIATION, INC., a Nebraska Corporation; and CENTRAL CYLINDER SERVICE, INC., a Nebraska Corporation;<br><br>Defendants. | 8:19-CV-335<br><br>MEMORANDUM AND ORDER |

This case comes before the Court on defendant Central Cylinder Service, Inc.'s Motion to Dismiss (Filing 10) pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Central Cylinder Service, Inc. ("CCS") requests dismissal of all the claims against it for failure to comport with the applicable statutes of limitations and for lack of subject-matter jurisdiction. The Court finds that Plaintiffs have properly stated claims against CCS. Accordingly, the Court denies CCS's Motion to Dismiss (Filing 10).

## I. BACKGROUND[1]

Defendant CCS is a Nebraska corporation that does business in Nebraska. Filing 1 at 6, ¶ 12. At some point, CCS, inter alia, negligently overhauled, repaired, and inspected the engine of

---

[1] Although CCS may dispute some of the facts recited herein, when deciding a motion to dismiss, the Court "must accept a plaintiff's factual allegations as true" and make all reasonable inferences in favor of the nonmoving party. *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768–69 (8th Cir. 2012).

1

an airplane. Filing 1 at 21, ¶ 56. That airplane crashed on August 28, 2017, while carrying William Byron Cocke ("William") and Catherine Crichton Cocke ("Catherine") "as the result of a catastrophic in-flight engine failure" allegedly caused in part by CCS's negligent actions. Filing 1 at 7, ¶ 18. William and Catherine experienced physical injuries and died on August 28th as a result of the engine failure and crash. Filing 1 at 7, 24 ¶ 18, 60. Plaintiffs, the executor of William and Catherine's estates and the conservator and guardians for their children, filed this wrongful death and survival action on July 31, 2019. *See generally* Filing 1.

As it relates to CCS, Plaintiffs alleged one count of wrongful death based on negligence, one count of wrongful death based on breach of warranty, one count of survival based on negligence, and one count of survival based on breach of warranty. Filing 1 at 21-28.[2] CCS filed its Motion to Dismiss, arguing the negligence and warranty actions were all filed beyond the relevant statutes of limitations and arguing the Court lacks subjected-matter jurisdiction. Filing 10.

## II. DISCUSSION

### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

---

[2] The Complaint mistakenly numbers both separate breach-of-warranty counts as Count VII, instead of Count VII and Count VIII. Filing 1 at 27.

2

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Ashcroft*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

## B. Statute of Limitations[3]

CCS argues that Plaintiffs have not pled when CCS's alleged negligent actions took place or when any express or implied warranties were breached, thus casting doubt that the claims were properly filed within the limitations period. Filing 11 at 2. Given the negligent behavior and breach of warranty underlying Plaintiffs' wrongful death and survival claims, CCS argues the relevant statutes of limitations are four years for negligence and either four or five years for contracts, depending on whether the contract is oral or written. *See id.* However, CCS's argument that the statutes of limitations should be based upon tort and contract actions, respectively, ignores the underlying nature of the claims as wrongful death and survival claims. Upon analyzing the

---

[3] Although the causes of action arguably have some relation to the state of Georgia, the parties do not raise the choice-of-law issue. Thus, the Court will apply Nebraska law for purposes of the present motion. *See BBSerCo, Inc. v. Metrix Co.*, 324 F.3d 955, 960 n.3 (8th Cir. 2003) (citing *Wood v. Mid-Valley Inc.*, 942 F.2d 425, 426 (7th Cir. 1991)) ("The operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits.").

pleadings and relevant case law, the Court finds Plaintiffs' claims survive CCS's Motion to Dismiss based on the applicable statutes of limitation.

Turning first to CCS's argument as it relates to Plaintiffs' wrongful death claims, Neb. Rev. Stat. § 30-809(1) (Reissue 2016)[4] provides in relevant part:

> Whenever the death of a person . . . is caused by the wrongful act, neglect, or default of any person, company, or corporation, and the act, neglect, or default is such as would, if death had not ensued, have entitled the person injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation which, would have been liable if death had not ensued, is liable in an action for damages, notwithstanding the death of the person injured . . . .

Every wrongful death action "shall be commenced within two years *after the death of such person*." Neb. Rev. Stat. § 30-810 (Reissue 2016) (emphasis supplied); *see also* Healy v. Langdon, 245 Neb. 1, 3, 511 N.W.2d 498, 500 (1994) ("[T]he wrongful death limitation period begins to run at the date of death."). "This two-year limitation applies regardless of the statute of limitations applicable to the wrongful act that caused the decedent's death." *Miers v. Cent. Mine Equip. Co.*, 604 F. Supp. 502, 509 (D. Neb. 1985).

The *Miers* Court contrasted the applicable statutes of limitations for products-liability and wrongful-death actions. *Id.* at 506-09. A products-liability claim is subject to both a statute of limitations and a statute of repose, and thus the latter serves to limit the time in which a late-accruing action may be brought. For example, Miers brought a products-liability action under Nebraska law which was subject to both a four-year statute of limitations and a ten-year statute of repose. *Id.* at 504 (citing the Nebraska products liability statute, Neb. Rev. Stat. § 25-224). Because

---

[4] While the Complaint (Filing 1 at 17) references "Neb. Rev. Stat. § 38-809, *et seq.*," it also mentions "or other applicable law" when discussing wrongful death and survival claims. The Court thus construes "other applicable law" to include Neb. Rev. Stat. § 30-809 which governs wrongful death claims.

4

the injury to the decedent occurred more than eight years after the product was sold, the statute of repose served to limit the statute of limitations to a one year, three-month period. *Id.* at 506, 509.

In contrast, Miers also brought a wrongful death action under Neb. Rev. Stat. § 30-810, just as Plaintiffs do here. *Id.* at 503, 505-06. Then-District Judge and now Senior Circuit Judge C. Arlen Beam held the wrongful death action was governed solely by the two-year statute of limitations, calculated from the date of death, because there was no applicable statute of repose. *Id.* at 508–09. *Miers* acknowledged that the two-year wrongful-death statute of limitations could thus serve either to shorten or lengthen the applicable limitations period for an action from that which might otherwise be provided by the underlying cause of action. *Id.* at 509. The Court said:

> [I]f negligence caused the death and a four-year statute of limitations applied to an action to recover for negligence, the two-year limitations of the Wrongful Death Act would apply instead. Likewise, under the law of Nebraska, even if a defective product caused the decedent's death, the wrongful death limitation period would apply rather than the longer four-year period or in this case the shorter period created by the ten-year period . . . .

*Id.* (citation omitted).

The Minnesota Supreme Court addressed the same issue and reached a similar conclusion to that of the *Miers* court in *Block v. Toyota Motor Corp.*, 5 F. Supp. 3d 1047, 1057–58 (D. Minn. 2014), *aff'd sub nom. as corrected Adams v. Toyota Motor Corp.*, 867 F.3d 903 (8th Cir. 2017). In holding that the statute of limitations for wrongful death claims applied regardless of the statute of limitations applicable to the wrongful act that caused the decedent's death, the court noted that wrongful death is a separate, statutorily created claim exclusive of any claim the decedent may have had prior to death.[5] *Id.* The court stated, "The claim underlying the wrongful death action

---

[5] Minnesota's wrongful death statute requires commencement of wrongful death claims "within three years after the date of death provided that the action must be commenced within six years after the act or omission." Minn. Stat. § 573.02. Such a limitation would prevent the type of claim brought by Plaintiffs in this action, but Nebraska's wrongful death statute contains no such limitation.

5

extinguishes upon the death of the injured person, and presumably, so too does the applicable statute of limitations." *Id.* This caused the court to determine that the wrongful-death statute of limitations controlled. *Id.; see also Lawrence v. Beverly Manor*, 273 S.W.3d 525, 527 (Mo. 2009) (holding Missouri's wrongful death statute created a new and distinct cause of action, did not revive any claim belonging to the decedent, and was distinct from any underlying tort claims).

Here, William and Catherine died on August 28, 2017. Filing 1 at 7, ¶ 18. Plaintiffs commenced this action within two years of decedents' passing by filing on July 31, 2019. As a result, Plaintiffs' wrongful death claims are within the statute of limitations.

Turning next to CCS's statute-of-limitations argument as it relates to Plaintiffs' survival claims, the Nebraska Supreme Court has held that survival actions accrue at the time of injury. *See In re Estate of Panec*, 291 Neb. 46, 55, 864 N.W.2d 219, 225 (2015) ("The survival action is brought on behalf of the decedent's estate and encompasses the decedent's claim for predeath pain and suffering, medical expenses, funeral and burial expenses, and any loss of earnings sustained by the decedent, *from the time of the injury* up until his or her death." (emphasis supplied)); *see also Wallace v. Kato*, 549 U.S. 384, 391, 127 S. Ct. 1091, 1097, 166 L. Ed. 2d 973 (2007) ("Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages"); *Miers*, 604 F. Supp. at 506 ("[T]he survival action accrued on the date of the decedent's injury . . . ."). The statute of limitations for a survival claim is four years. Neb. Rev. Stat. §§ 25-207, 1401 (Reissue 2016); *Corona de Corona de Camargo v. Schon*, 278 Neb. 1045, 1056, 776 N.W.2d 1, 10 (2009) ("There being no particular statute of limitations set forth for survival actions described in § 25–1401, we conclude that the applicable statute of limitations is the 4–year period set forth in § 25–207.").

In the present case, William and Catherine suffered pain, anguish, distress, and other injuries preceding their deaths on August 28, 2017. Filing 1 at 7, 24, ¶¶ 18, 60. Though a cause of action accrues and the statute of limitations begins to run "when the aggrieved party has the right to institute and maintain suit, even though such plaintiff may be ignorant of the existence of the cause of action," *Ward v. City of All.*, 227 Neb. 306, 310, 417 N.W.2d 327, 331 (1988), the elements of causation and damages were not present prior to the engine malfunction and crash on August 28, 2017. Thus, Plaintiffs could institute and maintain surviving causes of action for negligence and breach of warranty beginning on the date of William and Catherine's deaths. Accordingly, Plaintiffs' suit filed on July 31, 2019, was within the four-year statute of limitations.

### C. Subject-Matter Jurisdiction

In its Motion to Dismiss, CCS states that the Court somehow lacks diversity jurisdiction due to the application of the Nebraska Probate Code. Filing 10 at 3. However, CCS failed to argue this substantial issue of law and fact in its brief. Filing 11; *see* NECivR 7.1(a)(1)(A) ("A party's failure to brief an issue raised in a motion may be considered a waiver of that issue."). While "subject matter jurisdiction is not subject to waiver," *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009), CCS has provided no factual or legal reason that suggests to the Court that subject-matter jurisdiction is lacking. The Court determines it need not further address the issue.

### D. Sanctions

Plaintiffs request sanctions in the form of costs under Fed. R. Civ. P. 11(b)(1), (2), and (c)(3) because CCS's Motion to Dismiss (Filing 10) is "without merit," "contrary to law," "frivolous," "ridiculous," or "filed for some other improper purpose." Filing 21 at 2-3, 14-15. Plaintiffs have not filed a formal motion, but instead request that this Court, on its own initiative, award them the cost of responding to CCS's Motion to Dismiss. *Id.*

7

The Court may issue a show cause order sua sponte and "may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). Though several arguments raised by CCS's counsel lack serious legal weight, the Court does not find them to be "ridiculous" and nothing indicates CCS filed its motion for any improper purpose. Further, Plaintiffs' counsel is hasty to point out perceived Rule 11 violations but ignores, throughout his brief, NECivR 7.1(b)(1)(A) and NECivR 7.1(b)(2)(A) which require him to cite to the pleadings for any factual assertion contained in his brief. Given the discretionary nature of Rule 11(c)(3) sanctions, the Court declines to sanction CCS or its counsel.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' Complaint is sufficient to survive CCS's Motion to Dismiss based on the applicable statutes of limitation.

IT IS THEREFORE ORDERED:

1. Central Cylinder Service, Inc.'s Motion to Dismiss (Filing 10) is denied.

Dated this 27th day of December, 2019.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge